```
United States Bankruptcy Court
Middle District of Pennsylvania
```

In re:                                                                    Case No. 16-04680-HWV
Freeman Lee Robinson, Jr.                                                 Chapter 13
         Debtor

## CERTIFICATE OF NOTICE

District/off: 0314-1          User: CGambini          Page 1 of 1          Date Rcvd: Oct 02, 2019
                              Form ID: 3180W          Total Noticed: 12

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Oct 04, 2019.
```
db              +Freeman Lee Robinson, Jr.,    1700 Mountain View Road,   Apt. 4,   Harrisburg, PA 17110-3261
4855329         +Federal National Mortgage Assoc.,    Rushmore Loan Management Services,    P O Box 52708,
                  Irvine, CA 92619-2708
4855330          GLESI,    P O Box 7860,   Madison, WI 53707-7860
4855331         +Jennie C. Tsai, Esquire,    Phelan Hallilnan Diamond & Jones,    1617 JFK Blvd., Suite 1400,
                  Philadelphia, PA 19103-1814
4855332         +Kimberly A. Little, Tax Collector,    3425 Baltimore Pike,   Littlestown, PA 17340-9795
4875651         +Red Rock Municipal Authority,    c/o Bernard A Yannetti Jr Esq,    126 Baltimore Street,
                  Gettysburg, PA 17325-2347
4855333         +Source Recovery,    P O Box 450,   Springfield, PA 19064-0450
4860784         +Suburban Propane,    PO Box 206,   Whippany, NJ 07981-0206
4873473          US DEPT OF EDUCATION,    CLAIMS FILING UNIT,   PO BOX 8973,   MADISON WI 53708-8973
4895889         +Wilmington Savings Fund Society, FSB,    c/o Rushmore Loan Management Services,    P.O. Box 55004,
                  Irvine, CA 92619-5004
```
Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
4858328         +EDI: PRA.COM Oct 02 2019 23:28:00      PRA Receivables Management, LLC,   PO Box 41021,
                  Norfolk, VA 23541-1021
4855334          E-mail/Text: kcm@yatb.com Oct 02 2019 19:24:26     York Adams Tax Bureau,   1405 N. Duke Street,
                  P O Box 15627,   York, PA 17405-0156
                                                                                             TOTAL: 2

          ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
cr*             +PRA Receivables Management, LLC,    PO Box 41021,   Norfolk, VA 23541-1021
                                                                                             TOTALS: 0, * 1, ## 0
```
Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Oct 04, 2019                                    Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on October 2, 2019 at the address(es) listed below:
```
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James   Warmbrodt    on behalf of Creditor   Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, not individually but as trustee for Carlsbad Funding Mortgage Trust
               bkgroup@kmllawgroup.com
              Larry W. Wolf    on behalf of Debtor 1 Freeman Lee Robinson, Jr. ephillips@larrywwolf.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

| | |
|---|---|
| **Information to identify the case:** | |
| Debtor 1 **Freeman Lee Robinson Jr.** | Social Security number or ITIN xxx–xx–1588 |
| First Name  Middle Name  Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | Social Security number or ITIN _ _ _ _ |
| First Name  Middle Name  Last Name | EIN _ _ – _ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Pennsylvania** | |
| Case number:  **1:16–bk–04680–HWV** | |

# Order of Discharge                                                                      12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Freeman Lee Robinson Jr.
aka Freeman Robinson

**By the court:**

*[signature]*

10/2/19

Honorable Henry W. Van Eck
United States Bankruptcy Judge

By: CGambini, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**

Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**